James Cai (SBN 200189)
Brian A. Barnhorst (SBN 130292)
Justin C. Rono (SBN 319075)
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, California 95110
Telephone: (408) 436-0789
Facsimile: (408) 436-0758

Attorneys for Plaintiff/Creditor
ZHONGJIAN CORPORATION

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>THOMAS ESPINOSA<br><br>Debtor.<br><br>ZHONGJIAN CORPORATION,<br><br>Plaintiff.<br><br>v.<br><br>THOMAS ESPINOSA,<br><br>Defendants. | Case No.: 18-41658<br><br>**PLAINTIFF ZHONGJIAN CORPORATION'S ADVERSARY PROCEEDING COMPLAINT FOR:**<br><br>1. False Pretenses, False Representation, Actual Fraud under FRBP 7001 and 11 U.S.C 523(a)(2)<br>2. Willful and Malicious Injury and Damages under FRBP 7001 and 11 U.S.C. 523(a)(6)<br>3. Objection to Discharge under 11 U.S.C. 727<br>4. Recovery of Money – Turnover of Property<br>5. Breach of Contract |

{SACATTY/44/2/00010781.DOCX}            1

ZHONGJIAN CORPORATION (hereinafter "Plaintiff"), the Creditor in the underlying bankruptcy matter and the Plaintiff herein, complaining of Defendant Thomas Espinosa, hereby alleges as follows:

## JURISDICTION AND VENUE

1. This Court has exclusive jurisdiction of this adversary proceeding pursuant to the provisions of 28 U.S.C. §157.

2. Espinosa filed a Chapter 7 petition on July 18, 2018, in the United States Bankruptcy Court for the Northern District of California, instituting Case No. 18-41658.

3. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff hereby states that this is a "core proceeding" within the meaning of 28 U.S.C. §157(b).

4. Plaintiff hereby states that this is an "adversary proceeding", pursuant to and as defined in Fed. R. Bankr. P. 7001(4).

5. Plaintiff hereby objects to Defendant Thomas Espinosa's sought discharge under 11 U.S.C. § 727.

6. Following Espinosa's filing of this case in U.S. Bankruptcy Court, Plaintiff has chosen to file this Complaint to assert related claims that could conceivably have an effect on the bankruptcy estate pursuant to 28 U.S.C. §1367 – *viz.*, claims for breach of contract and fraud – against Defendant Thomas Espinosa.

## STANDING

7. Plaintiff has suffered, continues to suffer, and faces injury as a result of Defendants' actions alleged herein, namely monetary damages for money paid to Espinosa for work that was to be done but was not in fact started.

8. Defendant's actions alleged herein are the cause of injuries Plaintiff has suffered, continues to suffer, and will further suffer if relief is not granted.

9. This Court can provide redress for Plaintiff's injury by preventing Defendant from discharging his debts in Bankruptcy court pursuant to 28 U.S.C. §157, 11 U.S.C. § 727, 11 U.S.C. §105(a), 28 U.S.C. §1367, and 11 U.S.C. §523(a)(2).

## FACTS

10. Prior to the filing of Chapter 7 Bankruptcy by Espinosa, Plaintiff Zhongjian Corporation instituted a suit Superior Court of the State of California in the County of Alameda (Case Number RG17873838) against D&G Corporation and Defendant Espinosa.

11. The California State case involves claims against D&G Investment and Defendant Thomas Espinosa for money paid to them by the Plaintiff Zhongjian Corporation for work that was ultimately discovered not to have been performed by D&G Investment and Espinosa.

12. On or around December 29, 2016, D&G Corporation, entered into a commercial sub-lease agreement with an employee of Zhongjian Corporation named Qi X Chen ("Mr. Chen"), for property located at 2109 Frederick Street, Oakland, CA 94606 (the "Property"). An addendum was entered into by the parties including Defendant Espinosa whereby D&G Investments and Defendant Espinosa would be responsible for a PG&E electrical upgrade and securing adequate licenses for the cost of $90,000.

13. On December 16, 2016, in order to secure the sublease of the property, Plaintiff Zhongjian Corporation issued a check to Thomas Espinosa in the amount of $300,000 as the deposit for the sublease. On December 29, 2016, Zhongjian issued a check to Thomas Espinosa with an amount of $391,736. This check was used to cover rent and PG&E electrical upgrade costs. It was discovered later, however, that Defendants did not do anything to upgrade the PG&E electrical equipment.

14. On or around January 30, 2017, Mr. Chen and Defendants entered a remodeling agreement to remodel the Property. The project included building frame and drywall, installing doors, electrical, and fire sprinkler, plumbing, piping, and other things. The price for this project was originally set for $800,000. When this remodeling agreement was entered into, Defendants, including the Chapter 7 Debtor, Thomas Espinosa, held themselves out to be contractors. Plaintiff eventually discovered that there was no evidence D&G or Thomas Espinosa had a valid contractor license in the State of California.

15. On or around February 1, 2017, Plaintiff Zhongjian Corporation issued two checks, each for $100,000 to Thomas Espinosa to pay for the remodeling project.

16. On or about March 6, 2017, Plaintiff Zhongjian Corporation issued two checks with the amount of $100,000 to D&G as the payment for the remodeling project.

17. On or about April 4, 2017, Plaintiff gave Thomas Espinosa $200,000 in cash. A receipt of this was made.

18. According to the Initial Remodeling Agreement, Defendants were responsible for providing all building materials for this remodeling project. Later, Plaintiff Zhongjian Corporation agreed to pay for some costs of the building materials. As such, on or around April 16, 2017, Plaintiff Zhongjian Corporation paid $84,296.95 to Emperor Supply, Inc. by check. One of Plaintiff's employees made a purchase of $14,873.65 for the building materials by his credit card. Plaintiff Zhongjian paid $99.170.60 for building materials.

19. Plaintiff and Thomas Espinosa also reached another agreement on or about December 29, 2017, whereby Thomas Espinosa was to apply for four (4) Marijuana Cultivation

Licenses (the "Licenses") respectively from the State of California and from the City of Oakland on behalf of the Plaintiff.  Plaintiff agreed to and did pay Thomas Espinosa $680,000.  On or around December 29, 2017, a check was issued to Thomas Espinosa by the Plaintiff Zhongjian Corporation for $510,000 with receipt.  A second check was subsequently issued on February 13, 2017 for $170,000 to Defendant Thomas Espinosa as the second payment for the application for the Licenses.

20. Defendant Thomas Espinosa did not apply for any of the licenses or do any of the work required to apply for such licenses.  He also did not return any of the $680,000 associated with the Marijuana contract.

21. Only a portion of the remodeling project contract was completed by Defendant Espinosa and D&G.  After requests for return of payments made and performance of contracts, D&G and Defendant Espinosa have to this date not returned such funds to Plaintiff, nor have they fully performed the duties they promised under the contract.  Defendant Espinosa had no intent to perform the complete the work under the contract, and only sought to take money from Plaintiffs in a fraudulent manner.

22. On July 18, 2018, Defendant Espinosa filed this voluntary petition under Chapter 7 of the Bankruptcy Code through his counsel of record in the United States Bankruptcy Court – Northern District of California.

23. Plaintiff Zhongjian Corporation seeks to challenge the bankruptcy filing by Defendant Espinosa and to challenge the discharge of Defendant's debt due to Defendant Espinosa's fraudulent conduct.

/ / / / /

/ / / / /

# FIRST CAUSE OF ACTION

## Dischargeability: False Pretenses, False Representation, Actual Fraud under FRBP 7001 and 11 U.S.C 523(a)(2)

24. Plaintiff incorporates and re-alleges each and every one of the allegations from paragraphs 1 through 21, as though fully set forth herein.

25. Plaintiff objects to discharge of Defendant's debt obligations due to Defendant's actual intentional concealment of material facts, false pretenses, false representations, and actual fraud.

26. Actual facts and conditions existed which materially impacted the negotiations and transactions among the parties, all of which facts and conditions Defendants were acutely aware. Said facts and conditions were concealed from Plaintiff by Defendant at all relevant times of the transactions and agreements herein described. Defendant continued to solicit payments from Plaintiffs even though Defendant was cognizant that he would not perform the work required under the contracts and effectively converting the Plaintiff's money for his own.

27. Plaintiff Zhongjian Corporation relied on the Defendant to tell the truth concerning the performance under the contract as it paid Defendant funds to complete the projects under their contract – namely the remodeling project work and the marijuana contract.

28. Defendant's conduct as herein alleged – particularly the taking of funds from Plaintiff without completing the work or taking steps to substantially perform at all constituted fraud.

29. Defendant also did not return any of the funds paid to him despite Plaintiff's requests to do so.  These funds should be returned to Plaintiff Zhongjian, and Defendant Espinosa's debt to Plaintiff Zhongjian Corporation should not be discharged.

## SECOND CAUSE OF ACTION

**Dischargeability:  Willful and Malicious Injury and Damages under FRBP 7001 and 11 U.S.C. 523(a)(6)**

30. Plaintiff incorporates and re-alleges each and every one of the allegations from paragraphs 1 through 29, as though fully set forth herein.

31. Defendant Espinosa had a subjective motive to inflict the injury as he was receiving a sizable amount of money to conduct work for the Plaintiff and wanted to keep the funds for himself without completing the work under the remodeling contract or performing any work associated with the marijuana license application process.  Alternatively, he had knowledge that injury was substantially certain to occur to the Plaintiff Zhongjian Corporation if he took the money and did not engage in the work required under the respective agreements.

32. Furthermore, Defendant Espinosa engaged in an intentionally wrongful act of taking the funds and not completing the contracts.

33. This conduct caused injury to Zhongjian Corporation and continues to cause injury to Zhongjian Corporation which it continues to suffer.

34. Defendant Espinosa had no just cause or excuse to absolve himself of the wrongdoing of his actions.

# THIRD CAUSE OF ACTION

## Objection to Discharge under 11 U.S.C 727

35. Plaintiff incorporates and re-alleges each and every one of the allegations from paragraphs 1 through 34, as though fully set forth herein.

36. Plaintiff objects to the discharge of Defendant Espinosa's debt based on the fraud and willful malicious injury perpetrated by him upon the Plaintiff Zhongjian Corporation.

# FOURTH CAUSE OF ACTION

## Recovery of Money – Turnover of Property

37. Plaintiff incorporates and re-alleges each and every one of the allegations from paragraphs 1 through 36, as though fully set forth herein.

38. Defendant Espinosa owes funds amounting to $935,170.60, such that is owed to the Plaintiff.

39. Plaintiff prays for relief in that Defendant Thomas Espinosa must turn over the money taken from Plaintiff Zhongjian Corporation to the trustee for disbursement of the funds that were paid and wrongfully taken by Defendant Espinosa.

# FIFTH CAUSE OF ACTION

## Breach of Contract

40. Plaintiff incorporates and re-allege each and every one of the allegations from paragraphs 1 through 39, as though fully set forth herein.

41. Defendant entered into a series of contracts with the Plaintiff. In one contract, Plaintiff would, and has, tendered multiple checks for a remodeling project to be completed by

Defendant Espinosa. In the other, Plaintiff would, and has tendered multiple checks for a marijuana cultivation license to be applied for by Defendant Espinosa.

42. Defendant Espinosa failed to perform fully under these contracts to remodel premises and apply for a marijuana cultivation license for Plaintiff Zhongjian Corporation.

43. As a result of this failure to perform, a breach of contract occurred for which Plaintiff Zhongjian Corporation was harmed.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

(1) Pursuant to 11 U.S.C. §523(a)(2), as incorporated by 11 U.S.C. § 105(a), for the Court to deny any discharge of Defendant's debts against Plaintiff.

(2) A lift of the stay caused in order for Plaintiff to continue to pursue action against Defendant Espinosa in State Court;

(3) For damages according to proof;

(4) Other such legal and equitable relief the court deems just and proper.

Dated: September 25, 2018

Respectfully submitted,

/s/ *James Cai*

James Cai
Brian A. Barnhorst
Justin C. Rono
SAC Attorneys LLP
Attorneys for Plaintiff/Creditor,
Zhongjian Corporation