| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>Zhongjian Corporation | DEFENDANTS<br>Thomas Espinosa |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>SAC Attorneys LLP - 1754 Technology Drive, Suite 122, San Jose, CA 95110; 1 (408) 436-0789 | **ATTORNEYS** (If Known)<br>Lien L Uy<br>436 14th Street. #1106, Oakland, CA 94612 |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Adversary Proceeding Complaint for False Pretenses, False Representation, Actual Fraud Under FRBP 7001 and 11 U.S.C. 523(a)(2); Willful and Malicious Injury and Damages under FRBP 7001 and 11 U.S.C. 523(a)(6); Objection to Discharge under 11 U.S.C.727; Recovery of Money - Turnover of Property; and Breach of Contract

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
[4] 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
[3] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[1] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
[2] 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
[5] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 935,170.60 |

**Other Relief Sought**
Lifting of the stay in California State Court, County of Alameda Case Number: RG17873737

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Thomas Espinosa | BANKRUPTCY CASE NO.<br>18-41658 | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Northern District | DIVISION OFFICE<br>San Jose | NAME OF JUDGE<br>William J. Lafferty | |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>9-28-2018 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>James Cai | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# PROOF OF SERVICE
## Zhongjian Corporation v. Thomas Espinoza
## US Bankruptcy Court, Northern District of California, Case no #18-41658

I, Marianna Allen, declare:

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 1754 Technology Drive., Suite 122, San Jose, CA 95110. On the date below, I served the within documents:

**PLAINTIFF ZHONGJIAN CORPORTATION'S ADVERSARY PROCEEDING** ~~Cover Sheet~~

On the party (ies) in this action, through his/her/their attorneys of record, by placing true and correct copies thereof in sealed envelope(s), addressed as shown on the attached Service List for service as designated below:

☒ **(By US Mail)** I placed, on the date shown below, at my place of business, a true copy thereof, enclosed in a sealed envelope, with postage fully pre-paid, for collection and mailing with the United States Postal Service where it would be deposited with the United States Postal Service that same day in the ordinary course of business, addressed to those listed on the attached Service List.

☐ **(By Overnight Delivery)** I enclosed the listed documents in an envelope or package provided by carrier and addressed to the person(s) listed on the attached service. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☒ **(By Electronic Service)** based on an agreement of the parties to accept service by electronic transmission. I caused the documents to be sent to the person(s) at the electronic notification addresses listed on attached service list, I did not receive within a reasonable time after the transmission and electronic message or other indication that the transmission was unsuccessful.

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed in San Jose, California on **September 28, 2018**

_____
Marianna Allen

SERVICE LIST

Lien L. Uy, Esq.  ***Attorneys for Defendant Thomas Espinoza***
436 14th Street, #1106
Oakland, CA 94612

{SACATTY/44/2/00010782.DOCX}    PROOF OF SERVICE